UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

TAMIKA KENNERSON                              CASE NO. 6:19-CV-01340

VERSUS                                        JUDGE S. MAURICE HICKS, JR.

CRESWELL PLAZA L L C ET AL                    MAGISTRATE JUDGE DAVID J. AYO

## REPORT AND RECOMMENDATION

Before this Court are jurisdictional briefs filed in accordance with a January 23, 2026 Order. [Docs. 36, 40–42]. A hearing was held on Wednesday, April 15, 2026, at which counsel for defendants Creswell Plaza, LLC ("Creswell"), Sentinel Insurance Company, Ltd. ("Sentinel"), and Hertz Corporation ("Hertz"), as well as counsel for intervenor Farmington Casualty Company ("Farmington") appeared. The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the record in this matter, the law, and the parties' arguments, and for the reasons explained below, this Court recommends that the Court vacate its prior dismissal as between Plaintiff Tamika Kennerson and Defendants [Doc. 35], and further recommends that Kennerson's suit be REMANDED to the 27th Judicial District Court for the Parish of St. Landry, Louisiana.

## Factual Background

Kennerson was employed by Optimal Wireless, LLC, d/b/a Cricket Wireless, located in the Creswell Plaza shopping center in Opelousas, Louisiana. She alleges that on or about July 3, 2018, while in the course and scope of that employment, "she slipped and fell as a result of water accumulation from a leak from the roof and/or ceiling." [Doc. 1-4]. Kennerson filed suit against Creswell, as the owner of the shopping center. [Id.]. She subsequently amended her state court petition to add claims against Sentinel, the alleged insurer of the

shopping center, and Hertz.  [Doc. 1-7].  Creswell and Sentinel removed the suit to the Western District of Louisiana, invoking jurisdiction pursuant to 28 U.S.C. § 1332 based on complete diversity among the parties and an amount in controversy exceeding $75,000.00 exclusive of costs and interest.  [Doc. 1].  Farmington, the provider of worker's compensation benefits to Kennerson through her employer, sought and was granted leave to intervene in this suit.  [Docs. 7, 9, 10].  This suit was stayed as of June 14, 2020 based a suggestion of bankruptcy as to Hertz.  [Doc. 24].  Upon a motion by Hertz, the stay was lifted on January 15, 2026 and a telephone scheduling conference was set before the undersigned.  [Docs. 31, 32].  On January 22, 2026, Kennerson moved to voluntarily dismiss her claims against Hertz, Creswell, and Sentinel.  [Doc. 33].  A telephone scheduling conference was conducted the following day, during which counsel for intervenor Farmington questioned the Court's subject matter jurisdiction over this suit based on lack of complete diversity of citizenship among the parties.  Based on discussion of this issue during the teleconference, this Court ordered briefing and set a hearing.  [Doc. 36].

## Applicable Standards

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  Congress granted district courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," commonly referred to as "federal question jurisdiction."  28 U.S.C. § 1331.  Congress also vested district courts with original jurisdiction over "all civil actions where the matter in controversy exceeds…$75,000, exclusive of interest and costs" and there is complete diversity of citizenship among the parties, commonly referred to as "diversity jurisdiction."  28 U.S.C. § 1332.

2

Where a civil action includes claims within a district court's original jurisdiction, the court may exercise supplemental jurisdiction over other claims within the civil action that fall outside its original jurisdiction. 28 U.S.C. § 1367(a). However, where the sole basis for exercise of the court's original jurisdiction is diversity pursuant to 28 U.S.C. § 1332, the court may not exercise supplemental jurisdiction over, *inter alia*, "claims by persons proposed to be joined as plaintiffs under Rule 19…or seeking to intervene as plaintiffs under Rule 24, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." Thus, where federal jurisdiction over a suit is premised solely on diversity, the court may not exercise supplemental jurisdiction over the claims of an intervenor whose citizenship would destroy the complete diversity required under section 1332.

Removal of suits to federal district courts is governed by 28 U.S.C. § 1447, which provides, in part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A judgment issued by a district court lacking subject matter jurisdiction is void. Where a district court determines that it has acted without jurisdiction, it may act "to undo what it had no authority to do originally." *Mitchell Law Firm, L.P. v. Bessie Jeanne Worthy Revocable Trust*, 8 F.4th 417, 423 (5th Cir. 2021) (quoting *Nw. Fuel Co. v. Brock*, 139 U.S. 216, 219 (1891)).

Motions to intervene in civil suits before district courts are governed by Rule 24 of the Federal Rules of Civil Procedure, which distinguishes between intervenors of right and permissive intervenors. Given Louisiana jurisprudence imposing a bar to suit on a workers' compensation insurer that fails to intervene in an injured employee's suit against a third party tortfeasor, courts within the Fifth Circuit routinely hold that workers' compensation insurers are intervenors of right, such that upon "timely motion, the court must permit

3

[intervention]." Fed. R. Civ. P. 24(a); La. R.S. § 23:1102(A); *Patterson v. Corvel Corp.*, 2021 WL 4047391 at * 2 (W.D. La. Aug. 12, 2021), *adopted by*, 2021 WL 4035010 (W.D. La. Sept. 3, 2021); *Grizer v. CF Indus., Inc.*, 2017 WL 2608860 at * 4 (M.D. La. May 25, 2017), *adopted by*, 2017 WL 2604257 (M.D. La. June 15, 2017).

<u>Analysis</u>

Review of the record discloses incomplete diversity among the parties. Plaintiff-Intervenor Farmington is "a foreign corporation domiciled and incorporated under the laws of the State of Connecticut with principal place of business in Hartford, Connecticut." [Doc. 10 at p. 1]. Defendant Sentinel is likewise a foreign insurer domiciled in Connecticut, with its principal place of business in Hartford, Connecticut. [Doc. 1 at ¶ 3]. As a workers' compensation insurer intervening in Kennerson's person injury suit, Farmington is aligned in this case with Kennerson for purposes of jurisdiction. *Pittman v. Veolia N. Am.*, 2025 WL 868266 at * 2 (E.D. La. March 20, 2025) (citing *Chesapeake La., L.P. v. Buffco Prod., Inc.*, 564 F. App'x 751, 756 (5th Cir. 2014)). The language of 28 U.S.C. § 1332(a) is interpreted to require "complete diversity," meaning that "no adverse party is from the same state." *Hain Celestial Group, Inc. v. Palmquist*, 146 S. Ct. 724, 729 (2026) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)).

Generally, where a motion to intervene by an indispensable non-diverse party would, if granted, destroy the district court's subject matter jurisdiction over a removed suit, the motion should be denied and the case remanded. *See, e.g., Patterson v. Corvel Corp., supra.* While dismissal without prejudice is also an available option in such circumstances, the undersigned agrees with Magistrate Judge Hornsby's conclusion in *Patterson* on this issue, finding that dismissal would serve no purpose that could not be more efficiently accomplished by remand. *Id.* at *5.

Considering the foregoing, the undersigned finds that Farmington's Motion to Intervene [Doc. 7] should not have been granted, since its intervention in this suit clearly threatened the Court's subject matter jurisdiction.  Having been granted nonetheless [Doc. 9], the Court lost its subject matter jurisdiction as of November 19, 2019, rendering all successive orders, judgments, and other findings void as a matter of law.  *Hain Celestial*, *supra* at 731; *Caterpillar v. Lewis*, 519 U.S. 61, 76–77 (1996).  For this reason, the undersigned will recommend that the Court vacate its Order dismissing Kennerson's claims in this matter and remand the entire case to the 27th Judicial District Court for further proceedings as may be appropriate.  Considering the lack of federal subject matter jurisdiction in this matter, the undersigned will not recommend that the Court address Hertz's argument concerning the viability of Farmington's claims, leaving any such issue for appropriate state court consideration.

## Conclusion

For the reasons discussed herein, the undersigned hereby recommends that the Court's prior Order dismissing all claims by Plaintiff Tamika Kennerson [Doc. 35] be VACATED based on the Court's lack of subject matter jurisdiction in this case.  It is further recommended that this case be REMANDED to the 27th Judicial District Court for the Parish of St. Landry, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following

the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 21st day of April, 2026.

David J. Ayo
United States Magistrate Judge

6